**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0758n.06

No. 10-3324

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 09, 2011*

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| EUGENE L. COLLINS, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

Before: MARTIN and GIBBONS, Circuit Judges; STEEH, District Judge.[*]

BOYCE F. MARTIN, JR., Circuit Judge. Eugene L. Collins appeals the district court's order denying his motions to suppress certain evidence.

In 2009, a grand jury returned a superseding indictment charging Collins with being a felon in possession of a firearm in violation 18 U.S.C. § 922(g)(1), possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1). After the district court denied Collins's motions to suppress evidence obtained when officers stopped his vehicle and arrested him, Collins pleaded guilty to being a felon in possession of a firearm and possession with intent to distribute cocaine. The district court sentenced Collins to concurrent terms of 120 months in prison.

On appeal, Collins argues that the district court erred by denying his motions to suppress because the police lacked reasonable suspicion or probable cause to stop his vehicle. When

---

[*]The Honorable George C. Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

reviewing the denial of a motion to suppress, we examine the district court's factual findings for clear error and its conclusions of law de novo. *United v. Lucas*, 640 F.3d 168, 173 (6th Cir. 2011). We review the evidence in the light most likely to support the district court's decision. *Id.*

"[A] moving vehicle may be stopped to investigate an officer's reasonable and articulable suspicion that its occupants had engaged, were engaging, or were about to engage in criminal activity." *United States v. Perez*, 440 F.3d 363, 370 (6th Cir. 2006). We consider the totality of the circumstances when determining "whether law enforcement had an objective and particularized basis for suspecting criminal wrongdoing." *Id.* at 371. Testimony at the suppression hearing established that, before the officers stopped Collins's vehicle, they were aware that he had been involved in drug-related activity in the past. Further, an identified citizen had been submitting weekly complaints to law enforcement that numerous individuals would visit Collins's home for a short time, often carrying bags in and out of the residence. Investigating officers surveilled Collins's home and verified that the suspicious activity was taking place. When Collins left his home on the day of his arrest, he was seen carrying a small bag. Given those facts, the district court properly concluded that, when the officers initially attempted to stop Collins's vehicle, they had an objective and particularized basis for suspecting criminal activity. Before stopping his car in his driveway, Collins ignored the officers' lights and sirens, increased his speed, turned without signaling, and ran a stop sign, giving the officers probable cause to stop and arrest him for willful flight. *See Nelson v. Riddle*, 217 F. App'x 456, 460 (6th Cir. 2007).

Accordingly, we affirm the district court's order denying Collins's motions to suppress.